151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anna MILLER, Plaintiff-Appellant,
v.
Togo WEST,** Defendant-Appellee.
 No. 97-3841.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided July 29, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 93-CV-2297. Richard Mills, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Anna Miller brought a claim against the Secretary of the Department of Veterans Affairs (Department) alleging that she was unlawfully terminated because of her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. and her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. She also sought an injunction compelling the Department to allow her to appeal her termination before a Disciplinary Appeals Board pursuant to 38 U.S.C. §§ 7461(b)(1), 7464. The district court dismissed her discrimination claims based on her failure to timely contact an equal employment opportunity (EEO) counselor and granted the Department's motion for summary judgment on her injunctive claim. Miller appeals. We affirm.
 
 
 2
 Miller worked for the Veterans Affairs Medical Center in Danville, Illinois as a registered nurse. On or about December 15, 1990, Miller received a letter from the Medical Center Director explaining that her employment would be terminated effective January 5, 1991. The reason given for her discharge was that her physical disability, fibromyositis, made her unable to perform the duties and responsibilities of her position and that there were no suitable positions available for reassignment. The letter advised that Miller could request a review of the termination decision by the Chief Medical Director within 14 days of receipt of the letter. Miller requested that review in a timely fashion. She subsequently received a letter dated July 13, 1992, informing her that the review had been conducted and that the termination decision had been sustained by the Chief Medical Director. Miller contacted an EEO counselor on July 16, 1992, approximately 579 days after she was notified that she was being terminated because of her disability.
 
 
 3
 At the time Miller received notification that she was being terminated, 29 C.F.R. § 1613.214(a)(1)(i) (1990) required a federal employee who believed she was discriminated against to contact an EEO counselor within 30 days of the allegedly discriminatory event.[1] See Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 316, 136 L.Ed.2d 231 (1996). The 30-day time limit acts as a statute of limitations but is subject to the doctrines of equitable estoppel, equitable tolling, and the discovery rule. See id; Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-53 (7th Cir.1990).
 
 
 4
 Miller and the Department stipulated that Miller's action was time-barred unless she complied with the 30-day time limit of § 1613 .214(a)(1)(i) or the court extended the time limit by equitable tolling. The parties also stipulated that the alleged discriminatory event occurred on December 15, 1990, when Miller received the letter stating that she would be terminated because of her disability. Further, Miller stipulated that, at that time she received the December 15 notification letter, she had constructive knowledge of the 30-day time limit to contact an EEO counselor. Although Miller, for obvious reasons, repeatedly states that we may not rely on her stipulations, a party's stipulations are binding and may not be controverted at trial or on appeal. Keller v. United States, 58 F.3d 1194, 199 n. 8 (7th Cir.1995). Therefore, the record shows that Miller failed to contact an EEO counselor within 30 days.
 
 
 5
 The district court properly determined that Miller failed to show the following: (1) that the Department caused her to miss the deadline through misleading representations or otherwise prevented her from bringing suit in time (equitable estoppel); (2) that despite all due diligence she was unable to obtain vital information bearing on the existence of her claim (equitable tolling); or (3) that she did not discover the alleged discrimination until July 1992, particularly in light of Miller's stipulation that she knew on December 15, 1990 that she was being fired due to her disability (discovery rule). Miller argues that her delayed contact with a counselor should be excused because her termination has not been properly approved under the review requirements. This argument is unconvincing because the time period begins to run on the date the employee learns about the adverse decision, regardless of whether the termination takes effect on a later date or the employee can appeal the decision. See Librizzi v. Children's Mem'l Med. Ctr., 134 F.3d 1302, 1306 (7th Cir.1998). Therefore, the district court correctly dismissed Miller's discrimination claims as untimely.
 
 
 6
 Miller also asserts that her termination due to disability was an implied charge of inaptitude, entitling her to a review by a Disciplinary Appeal Board pursuant to 38 U.S.C. §§ 7461(b)(1), 7464. Pursuant to the Administrative Procedure Act, we review agency action to determine if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see Smith v. Office of Civilian Health and Med. Program of Uniformed Services, 97 F.3d 950, 954 (7th Cir.1996), cert. denied, 519 U.S. 1144, 117 S.Ct. 1027, 137 L.Ed.2d 212 (1997).
 
 
 7
 Under § 7461(b)(1) individuals employed by the Department pursuant to 38 U.S.C. § 7401, such as Miller, whose discharge involves a "question of professional conduct or competence," have the right to bring an appeal before a Disciplinary Appeals Board. Prior to May 1991, employees facing "charges of inaptitude, inefficiency, or misconduct" were entitled to a hearing before a disciplinary board. 38 U.S.C. § 4110(a) (repealed); see Hannon v. Turnage, 892 F.2d 653, 657-58 n. 4 (7th Cir.1990). Because Miller's case was not pending until after § 7461 replaced § 4110, we apply § 7461 to this case. Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. 102-40, § 205(b) 105 Stat. 187, 207-8. But regardless of which statute we apply, Miller was not improperly denied review before a disciplinary board because a discharge for disability differs from a discharge involving a "question of professional conduct or competence" or a discharge based on "charges of inaptitude, inefficiency, or misconduct." Further, Miller was given the review she was entitled to under Department regulations.
 
 
 8
 The only time that we analyzed either § 4110 or § 7461, we held that although the terms inaptitude, inefficiency, and misconduct "could be read broadly to apply to almost any disciplinary action by the [Department]," we would not do so. Hannon, 892 F.2d at 658 n. 5. In Hannon, we held that the chief of surgery's dismissal from the Department on the basis that his appointment was void differed from a dismissal for inaptitude, inefficiency, or misconduct, and, accordingly, did not entitle him to review by a disciplinary board. Id. at 657-58. Similarly, in this case, a dismissal based on disability differs from a discharge based on "a question of professional conduct or competence," which the statute defines as a question involving either direct patient care or clinical competence. 38 U.S.C. § 7461(c)(3); see Gergans v. Brown, 911 F.Supp. 308, 312 (N.D.Ill.1995) (granting summary judgment for Department and holding that physician discharged for insubordination and unsatisfactory attendance was not entitled to an appeal before a Disciplinary Appeals Board pursuant to § 7461(b)(1) because the reasons for his discharge did not involve a question of professional conduct or competence). Because Miller's dismissal did not involve a question of professional conduct or competence, the Department allowed her to appeal pursuant to a grievance procedure regulation established in accordance with §§ 7461(b)(2), 7463; see Mitchum v. Hurt, 73 F.3d 30, 32 (3d Cir.1995) (explaining the Department review process for cases that do not involve a "question of professional conduct or competence" or a major adverse action). Under this regulation, Miller requested and received a review of her discharge by the Chief Medical Director. Therefore, the Department's action was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."
 
 
 9
 AFFIRMED.
 
 
 
 **
 During the pendency of this appeal, Togo West replaced Jesse Brown as Secretary of the Department of Veterans Affairs. Pursuant to Federal Rule of Appellate Procedure 43(c), this court on its own motion substitutes Togo West as the Defendant-Appellee in this action
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The 30-day limit has been replaced with a 45-day limit. 29 C.F.R. § 1614.105(a)(1); see Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 316, 136 L.Ed.2d 231 (1996)